IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| THE WAGGONERS TRUCKING, a Montana corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AIG CLAIM SERVICES, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA.,<br><br>　　　　Defendants. | CV-07-82-BLG-RFC-CSO<br><br>**ORDER** |

　　Now before the Court is parties' stipulation to stay proceedings.  The Court has reviewed the complaint (which alleges that defendants have not properly handled and paid insurance claims) and the answer (which denies plaintiff's claims and asserts various defenses).  The parties' stipulation states that they are working to resolve the issues and that they "believe it would be beneficial to the resolution of this dispute to postpone litigation."

-1-

Stays, even when stipulated, are not routinely granted. Once an action is filed, the court must construe the rules "to secure the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1. The court is generally required to apply the proper tests and articulate a reasoned analysis before granting a stay. *See generally* <u>Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.</u>, ___F.3d___, 2007 WL 1519608 (9th Cir.)(May 25, 2007). Here, the parties have articulated no reason supporting a stay other than their laudable desire to work together toward resolving the dispute. This reason, however, could apply to delay many cases now pending in this court. If a stay is granted and the matter is not resolved, the delay could be lengthy due to the court's and counsels' scheduling. Accordingly, the motion to stay will be denied.

It appears to the court that the parties will still have ample time to discuss resolving their disputes. By separate order, a preliminary pretrial conference has been set for August 22, 2007. At that conference, the parties will be fully heard regarding an appropriate schedule, including consideration of "facilitating the settlement of the case." Fed. R. Civ. P. 16(a)(5). By stipulation, the parties can avoid litigation costs in other ways. For example, pursuant to Fed. R. Civ. P.26(a), the parties may stipulate to extend the deadline for initial disclosures.

NOW THEREFORE IT IS HEREBY ORDERED that the parties' Stipulation to Stay Proceedings (*Court's Doc. No.* 7), construed as a motion to stay proceedings, is **DENIED**.

DONE and DATED this 2nd day of July, 2007.

                                      **/S/** Carolyn S. Ostby
                                      Carolyn S. Ostby
                                      United States Magistrate Judge